UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHNNY E. MCMAHON, Petitioner, v. NETHANJAH BREITENBACH, Respondents. | Case No. 3:26-cv-00472-MMD-CLB<br>ORDER |

## I. SUMMARY

Petitioner Johnny E. McMahon, a *pro se* Nevada prisoner, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 (“Petition”).) He has paid the filing fee. (ECF No. 9.) The Court has reviewed the Petition and will dismiss the Petition with prejudice as an unauthorized second or successive habeas petition.

## II. DISCUSSION

Under Habeas Rule 4,[1] the assigned judge must examine the habeas petition and order a response unless it “plainly appears” that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[1]All references to a “Habeas Rule” or the “Habeas Rules” in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

**A. The Petition must be dismissed as second or successive.**

McMahon seeks to challenge his 2008 convictions for sexual assault of a minor under age sixteen and open and gross lewdness in Nevada's Eighth Judicial District Court, Case No. 06C220825. (ECF No. 1-1 at 7.) The Court takes judicial notice[2] of the fact that the judgment of conviction was entered for that case on July 29, 2008, and there have been no subsequent intervening judgments.

McMahon's Petition acknowledges he previously challenged this judgment of conviction in a federal habeas action before the Court. (*Id.* at 10.) The Court takes judicial notice of the fact that, in September 2017, McMahon's Petition was denied on the merits, and judgment was entered. *See* Case No. 2:14-cv-00076-APG-CWH; (ECF No. 73). The Court also judicially notices that McMahon filed two other petitions with the Court that were dismissed as second or successive. *See* Case No. 3:18-cv-00002-MMD-WGC; (ECF No. 3); and Case No. 3:24-cv-00292-MMD-CSD; (ECF No. 8).

"Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244. *See McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009); *see also Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

McMahon is required to obtain authorization from the United States Court of Appeals for the Ninth Circuit before he can proceed with the present Petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(b)(3). The Court takes judicial notice that the Ninth Circuit Court of Appeals twice denied McMahon's applications for leave to file a second

[2]The Court takes judicial notice of the docket for Clark County Case No. 06C220825, available here, and of the dockets for McMahon's cases filed with the Ninth Circuit Court of Appeals.

or successive petition under 28 U.S.C. § 2254. *See* Case Nos. 18-70010, 21-70935. Thus, McMahon's present Petition must be dismissed as an unauthorized second or successive habeas corpus petition. *See Henderson*, 396 F.3d at 1053.

**B. Redaction Under LR IC 6-1(a).**

McMahon's Petition includes exhibits that are not fully redacted as required by LR IC 6-1(a). Redaction means such information may only be filed if necessary and must be blacked out or covered on the documents so that such information is not readable on the documents filed with the Court. In accordance with the requirements of *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), compelling reasons exist that outweigh any public interest in access to judicial records such that McMahon's Petition (ECF No. 1-1) must be sealed.

**III. CONCLUSION**

It is therefore ordered that the Petition for a Writ of Habeas Corpus (ECF No. 1-1) is dismissed with prejudice as an unauthorized second or successive petition under 28 U.S.C. § 2254.

The motion to enlarge page count (ECF No. 1-2), motions to modify and amend (ECF Nos. 6; 7), motion to compel court to certify question as to subject matter jurisdiction (ECF No. 8), motion for an evidentiary hearing (ECF No. 1-1 at 292), motion for an order to produce exhibits (ECF No. 1-1 at 304), motion for bail release pending appeal (ECF No. 1-1 at 313), and motion for appointment of counsel (ECF No. 1-1 at 320) are denied as moot.

It is further ordered that the Clerk of Court seal the Petition (ECF No. 1-1).

It is further ordered that a certificate of appealability will not issue.

DATED THIS 4th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE