UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHNNY E. MCMAHON, Petitioner, v. NETHANJAH BREITENBACH, Respondents. | Case No. 3:26-cv-00472-MMD-CLB ORDER |

## I. SUMMARY

On August 4, 2026, the Court dismissed Petitioner Johnny E. McMahon's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition" (ECF No. 1-1)) as an unauthorized second or successive Petition. (ECF No. 10.) On August 12, 2026, McMahon filed a Motion for Reconsideration of the Case ("Motion for Reconsideration" (ECF No. 11)) and a Motion for Recusal of Judge ("Motion for Recusal" (ECF No. 12)). As explained below, the Motions for Reconsideration and for Recusal are denied.

## II. DISCUSSION

### A. The Motion for Recusal of Judge

McMahon alleges the undersigned judge exhibited bias by ignoring the claims in his Petition. (ECF No. 12 at 9-30.)

Under 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quoting *Matter of Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986)). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens v. U.S. Dist. Ct. for*

*Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding "judicial rulings alone almost never constitute a valid basis for a bias or impartiality motion" and "[a]lmost invariably, they are proper grounds for appeal, not recusal").

McMahon's Petition challenged the same state court judgment as in McMahon's prior federal habeas case (Case No. 2:14-cv-00076-APG-CWH), which was denied on the merits. (*See* ECF No. 10.) The Supreme Court has held that a district court lacks jurisdiction to entertain a habeas petition if, following the denial of a previous habeas petition challenging the same conviction, the prisoner did not first obtain an order authorizing him to file a second petition from the Circuit Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Because McMahon failed to obtain authorization from the Ninth Circuit Court of Appeals to file his second or successive habeas Petition, the Court dismissed the Petition as it lacked jurisdiction to consider it. *See Burton*, 549 U.S. at 152-53; (*See* ECF No. 10.) Under the circumstances, no reasonable person with knowledge of all the facts would conclude the undersigned's impartiality might reasonably be questioned based on a failure to consider the claims in the Petition. The Motion for Recusal is denied.

**B. The Motion for Reconsideration**

McMahon moves under Rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of the Court's determination that the Petition must be dismissed as second or successive. (ECF No. 11.) McMahon claims he need not comply with the requirements for filing a second or successive § 2254 application because the state courts lacked jurisdiction to prosecute him and fraud was perpetrated on the courts. (*Id.*) His claims are based on allegations he was prosecuted (1) without an arrest warrant; (2) based on a defective warrant/summons; (3) without a timely probable cause hearing; (4) based on a forged magistrate signature; (5) without a proper charging instrument; and (6) due to concealed exculpatory DNA information. (*Id.* at 3-32.)

Rule 60(b) applies to federal habeas proceedings "only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules" such as the AEDPA. *See Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (internal brackets and ellipsis omitted) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)). "Habeas corpus petitions cannot 'utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Id*. (internal quotation marks omitted) (citing *Calderon v. Thompson*, 523 U.S. 538, 547 (1998)).

McMahon cites no authority, and the Court has found none, holding federal habeas claims raised in an unauthorized second or successive habeas petition that attack the jurisdiction of the state courts or claim a fraud was perpetrated on the courts, are exempt from the mandate that claims raised in a second or successive § 2254 habeas petition must be authorized by a circuit court before they may proceed in district court. *See* 28 U.S.C. § 2244(b)(2) (listing the grounds on which a successive habeas petition may be permitted); *see also, e.g.*, *Prost v. Anderson*, 636 F.3d 578, 592 (10th Cir. 2011) (explaining that a "lack of jurisdiction is not one of the two authorized grounds upon which a successive § 2254 motion may be filed"); *Adams v. El Habti*, No. 22-6160, 2023 WL 2000986, at *1 (10th Cir. Feb. 15, 2023) (unpublished)[1] (holding there is no authority for an exception to the requirements for filing a second or successive habeas application based on jurisdictional claims); *Cf. In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (holding motion under 28 U.S.C. § 2255 claiming district court lacked jurisdiction to convict or sentence him because the indictment did not describe a "locus in quo" was properly treated as an unauthorized second or successive § 2255 claim because it, and the other claims raised, substantively challenged the constitutionality of the conviction and detention, and were "effectively indistinguishable" from habeas claims.)

Under § 2244(b)(3)(A), "[b]efore a second or successive application permitted by

---

[1]Cited for its persuasive value consistent with Fed. R. App. P. 32.1 and CTA10 Rule 32.1.

this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, even if the claims that McMahon raises in his second or successive Petition constitute exceptions to the rule against filing a second or successive petition, the Court of Appeal must first authorize a successive habeas petition. Because McMahon did not obtain authorization to file a successive § 2254 petition, the Court lacks jurisdiction to consider the Petition. Accordingly, McMahon's Motion for Reconsideration is denied.

## III. CONCLUSION

It is therefore ordered that the Motion for Recusal of Judge (ECF No. 12) is denied.

It is further ordered that the Motion for Reconsideration of the Case (ECF No. 11) is denied.

A certificate of appealability will not be issued.

DATED THIS 19th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE